20430 Commerce Gdn. Trust & Sav. Bank of Toledo v. The Tax Commission of Ohio. Motion for Lucas Appeals to certify. Overruled. Dock. 4-5-27, 5 Abs. 238.

20431—Kate Crary, Extrx. v. Phoebe Ward. Motion for Hamilton Appeals to certify. Overruled. Dock. 4-6-27, 5 Abs. 249; OA. 5 Abs.

20433—William Leibowitz v. David Polstein et al. Motion for Summit Appeals to certify. Overruled. Dock. 4-6-27, 5 Abs. 249.

20434—Henry Schott et al. v. Alex Foder, etc. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 4-6-27, 5 Abs. 249.

20435—The United States Printing & Lithograph Co. v. Griggs Cooper & Co. Motion for Hamilton Appeals to certify. Allowed. Dock. 4-6-27, 5 Abs. 249.

20437—The General Tire & Rubber Co. v. Abraham Lloyd. Motion for Summit Appeals to certify. Overruled. Dock. 4-7-27, 5 Abs. 249.

20438—Susan B. Smith v. The Bruner-Goodhue-Cooke-Cranz-Agency Co. Motion for Summit Appeals to certify. Overruled. Dock. 4-7-27, 5 Abs. 249; OA. 5 Abs. 182.

20439—Anna Burke v. The Cleveland Household Supply Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 4-7-27, 5 Abs. 249.

20440—Andy Wereb v. John Sakley. Motion for Mahoning Appeals to certify. Overruled. Dock. 4-8-27, 5 Abs. 249.

20445—Frank Landrum v. David Middaugh. Motion for Perry Appeals to certify. Allowed. Dock. 4-12-27, 5 Abs. 249.

# SYLLABI *
## Cases Decided by Supreme Court

### No. 364

No. 20012—Rudolph Beeler, v. Harry C. Ponting. Error to the Court of Appeals of Cuyahoga county.

465. ERROR—Where evidence on trial of negligence case would call for application of res ipsa loquitur, it is duty of court to charge thereon, but failure so to do, without request to charge upon the subject, is not reversible error.

MARSHALL, C. J.

Where the facts and circumstances shown by the evidence in the trial of a negligence suit are such as would ordinarily call for the application of the doctrine of res ipsa loquitur it is the duty of the trial court to charge upon that subject but the omission to do so in the absence of a request of counsel for an instruction upon that subject is not reversible error.

Judgment affirmed.

Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

### No. 365

No. 20049—The Midwest Color Offset Co. v. Thermal Electric Corporation. Error to the Court of Appeals of Hamilton County.

297. CONTRACTS—In determining whether time is of the essence of instalment sale of goods, the contract in view of 8425 GC., will be construed in light of surrounding circumstances, unless otherwise expressly provided for therein.

ROBINSON, J.

In determining whether time is of the essence of a contract to sell goods to be delivered by stated instalments, which are to be separately paid for, such contract, by reason of the provisions of paragraph 2 of Section 8425, General Code, will be construed in the light of the surrounding circumstances of the whole transaction, unless, by the expressed terms of the contract, time is made the essence thereof or, by expressed terms, consideration of the surrounding circumstances is precluded.

Judgment reversed.

Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.

### No. 366

No. 20165—Laura Glowacki by, etc., v. The North Western Ohio Railway and Power Co. Error to the Court of Appeals of Ottawa county.

1028. RES IPSA LOQUITUR—1. The rule of res ipsa loquitur is an evidential inference which permits the jury, and not the court, to draw an inference of negligence where accident occurs which would not occur when ordinary care is exercised.

2. When rule applies, duty of court to submit question to jury upon request by either party, where defendant offers to explain circumstances.

MARSHALL, C. J.

1. The rule of res ipsa loquitur is not a substantive rule of law. It is rather a rule of evidence, which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury but to be considered by the jury under proper instructions. A like inference under like circumstances may be drawn by the court when the court is the trier of the facts.

2. Where the allegations in a petition and the evidence offered in support thereof call for the application of the rule of res ipsa loquitur, and where the defendant has offered evidence tending to meet and explain the circumstances, it is the duty of the court, when requested so to do by either party, to submit the question to the jury under proper instructions.

3. The weight of the inference as well as the weight of the explanation offered to meet the inference is for the determination of the jury in a jury trial or for the determination of the court when the court is the trier of the facts.

Judgment reversed.

Kinkade, Robinson and Matthias, JJ., concur. Day and Allen, JJ., concur in the syllabus and in the judgment of reversal, but not in remanding the cause. Jones, J., dissents.